UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHARON LAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-01733-RLY-MJD |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| STATE OF INDIANA, | ) | |
| INDIANA FAMILY AND SOCIAL | ) | |
| SERVICES ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Magistrate Judge recommended that the court grant the Plaintiff's Motion to Remand. For the reasons set forth below, the court **ADOPTS** the Report and Recommendation and **REMANDS** this action to the Marion Superior Court.

**I.     Factual Background**

In 2006, the Indiana Family and Social Services Administration ("FSSA") and International Business Machines Corporation ("IBM") entered into a Master Services Agreement, whereby IBM agreed to carry out many of the administrative responsibilities formerly carried out by FSSA and the State of Indiana. The following year, Plaintiff's adult son, Seth Land, was diagnosed with schizophrenia at the age of 20. Land applied for and received Medicaid coverage to help pay for his medications.

1

In 2009, Land's Medicaid coverage was terminated. Acting as Land's legal guardian, Plaintiff attempted to reinstate Plaintiff's Medicaid coverage, but was unsuccessful. Without his Medicaid coverage, Plaintiff had no means to obtain the medications necessary to treat his illness. On May 15, 2009, Land attacked and seriously injured Plaintiff.

On May 13, 2011, Plaintiff filed a lawsuit under 42 U.S.C. § 1983 against Anne Murphy, individually and in her capacity as Secretary of the FSSA, IBM, and John and Jane Doe, arising out of the personal injuries she sustained from her son. On September 29, 2011, the court dismissed Plaintiff's § 1983 claims, declined to exercise supplemental jurisdiction over Plaintiff's state law claims for, *inter alia*, negligence, and dismissed the state law claims without prejudice. (Filing No. 21-3 at 7). Plaintiff appealed the court's decision, but the Seventh Circuit affirmed. *Land v. Int'l Bus. Machines, Inc.*, 485 Fed. App'x 830, 831 (7th Cir. 2012).

On September 19, 2014, Plaintiff filed a Complaint in the Marion Superior Court against IBM, the FSSA, and the State of Indiana. Plaintiff explained that in re-filing her claims, she "named the state entities responsible for the conduct alleged rather than the individuals who were named in the original federal court complaint, as required by Ind. Code § 34-13-3-5." The substance of Plaintiff's allegations remained the same, in that Plaintiff asserted that Defendants' negligence in administering Indiana's Medicaid program resulted in the attack that caused her injuries.

On October 22, 2014, IBM removed the action to this court. In its Notice of Removal, IBM asserted that the case was properly removable because Plaintiff's claims

raise a substantial federal question and because complete diversity exists among all parties who were properly joined. Although neither the FSSA nor the State joined the Notice of Removal, IBM asserted that their joinder in the action was fraudulent, such that their joinder in the Notice was not required.

On November 21, 2014, Plaintiff moved to remand this case to state court. The court referred the motion to the Magistrate Judge on February 2, 2015. Soon thereafter, the Magistrate Judge issued his Report and Recommendation finding that FSSA's joinder was proper, thus destroying diversity jurisdiction. The Magistrate Judge therefore recommended that the court grant Plaintiff's Motion to Remand. IBM timely objected.

## II.     Standard of Review

Under the doctrine of fraudulent joinder, "an out-of-state defendant's right of removal premised on diversity jurisdiction cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). The doctrine is designed to "protect the defendant's statutory right to remove," and therefore does not allow a plaintiff to "join a nondiverse defendant simply to destroy diversity jurisdiction." *Id*.

The defendant asserting fraudulent joinder bears "a heavy burden." *Poulos*, 959 F.2d at 73. "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (emphasis in original). If the removing defendant can meet its burden, the court may "'disregard, for jurisdictional purposes, the citizenship of certain

nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Morris*, 718 F.3d at 666 (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)). Fraudulent joinder is therefore "an 'exception' to the requirement of complete diversity." *Id* (quoting *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011)).

**III. Discussion**

The Magistrate Judge concluded that the Journey's Account Statute operated to extend the statute of limitations and preserve Plaintiff's claims against the FSSA, meaning the FSSA was properly joined. Because Plaintiff and the FSSA are citizens of Indiana, the Magistrate Judge concluded that the FSSA's presence[1] in the action destroyed diversity jurisdiction. The court reviews the Magistrate Judge's ruling *de novo*. *Johnson v. Globus Med., Inc.*, 1:14-cv-00730-SEB-MJD, 2015 WL 71035, at *2 (S.D. Ind. Jan. 5, 2015).

The JAS provides:

Sec. 1.(a) This section applies if a plaintiff commences an action and:
    (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
    (2) the action abates or is defeated by the death of a party; or
    (3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:
    (1) three (3) years after the date of the determination under subsection (a); or

---

[1] Having found the FSSA's presence destroyed the court's diversity jurisdiction, the Magistrate Judge did not analyze whether the State was fraudulently joined.

4

> (2) the last date an action could have been commenced under the statute of limitations governing the original action;
>
> and be considered a continuation of the original action commenced by the plaintiff.

Ind. Code § 34-11-8-1. The timeliness of Plaintiff's federal 2011 Complaint and its failure (i.e., dismissal without prejudice) are not in dispute. The resolution of the parties' dispute turns on whether the present action is a continuation of the 2011 federal action.

Generally, for an action to be considered a continuation of the former, the parties, the facts, and the causes of action must be the same. *Eves v. Ford Motor Co.*, 281 N.E.2d 826, 831 (Ind. Ct. App. 1972) (finding plaintiff's cause of action a continuation of the first because it was against the same defendants for the same claim); *see also Kindred Nursing Ctrs. v. Estate of McGoffney*, 15 N.E.3d 641, 646 n.1 (Ind. Ct. App. 2014) (applying statute to "complaint adding no new allegations or parties"). Citing *Crawford v. City of Muncie*, 655 N.E.2d 614 (Ind. Ct. App. 1995), the Magistrate Judge found the present action to be a continuation of the first notwithstanding the fact that Plaintiff changed the name of the party defendant in this case from Anne Murphy, individually and in her official capacity as Secretary of the FSSA, to (simply) the FSSA.

In *Crawford*, the Indiana Court of Appeals observed that "[o]fficial capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." 655 N.E.2d at 618. The Court found that, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* In

finding the Journey's Account Statute to apply, the Magistrate Judge concluded that the FSSA had notice of the 2011 federal action and an opportunity to respond.

The record reflects that the Indiana Attorney General's office represented Murphy in her individual and official capacity in the 2011 federal action. In accordance with Indiana Code § 34-13-3-5(e), the FSSA had an obligation to provide counsel for Murphy, and it did. Indeed, in the 2011 federal action, the Secretary of the FSSA joined IBM in moving to dismiss Land's claims. The court therefore agrees with the Magistrate Judge's conclusion that the FSSA had notice and an opportunity to respond to the 2011 federal action, and the Journey's Account Statute likely applies to save her otherwise time-barred claims.

### IV. Conclusion

The court finds the FSSA failed to meet its burden of establishing that Plaintiff has no chance of success in the present action due to the statute of limitations. Accordingly, the court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 54) and **REMANDS** this action to the Marion Superior Court.

**SO ORDERED** this 26th day of May 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.